IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GUY WILLIAM HOWARD,                )      CIVIL NO. 05-00525 ACK/KSC
                                   )
          Plaintiff,               )
                                   )
     v.                            )
                                   )
KIEWIT PACIFIC CORP.,              )
                                   )
          Defendant.               )
_____)


<u>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS</u>


<u>BACKGROUND</u>

On August 16, 2005, Guy William Howard ("Plaintiff"),
proceeding pro se, filed a Complaint against Peter Kiewit Sons,
Inc. ("PKS" or Defendant),[1/] alleging employment discrimination
in violation of Title VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C. § 2000e-5.  <u>See</u> Complaint at 1-2 (August 16,
2005).  The Complaint alleges that, on November 18, 2004,
Defendant terminated Plaintiff from employment in the State

_____

[1/] The original Complaint names PKS as the defendant.  The
Second Amended Complaint substitutes "Kiewit Pacific Corp." as
the named defendant.  <u>See</u>, <u>infra</u>, footnote 2.  This order will
use what appears to be the legal name of the defendant named in
the Second Amended Complaint, "Kiewit Pacific Co."  <u>See</u> Defendant
Kiewit Pacific Co.'s Joinder in Defendant Peter Kiewit Sons',
Inc.'s Motion to Dismiss.  The Court will refer to PKS and Kiewit
Pacific Co. interchangeably as "Defendant."

Apprenticeship Training Program because of his "race or color" and age.

On September 9, 2005, Defendant filed a Motion to Dismiss Plaintiff's Complaint Filed August 16, 2005 ("Motion to Dismiss").  On September 12, 2005, Plaintiff filed an Opposition (entitled "Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure").  On November 16, 2005, Plaintiff filed an amended Complaint ("First Amended Complaint").  On December 27, 2005, Plaintiff filed a Second Amended Complaint, which is identical to the original Complaint except that "Peter Kiewit Sons, Inc." is replaced in the Second Amended Complaint by "Kiewit Pacific Co."[2/]  On January 18, 2006, Kiewit Pacific Co.

_____

[2/] Plaintiff filed a Motion to Amend the Complaint on September 27, 2005 and a Revised Motion to Amend the Complaint on October 20, 2005.  Magistrate Judge Kevin S.C. Chang consolidated these motions and granted them on November 15, 2005, giving Plaintiff until November 22, 2005 to amend the Complaint to substitute Kiewit Pacific Company for the named defendant, PKS. Plaintiff filed the First Amended Complaint within that time frame.  On December 23, 2005, counsel for PKS sent a letter to Plaintiff indicating that the First Amended Complaint did not comply with Judge Chang's order.  Subsequently, on December 27, 2005, Plaintiff filed the Second Amended Complaint to comply with Judge Chang's order.  The Second Amended Complaint is identical to the original Complaint except that "Peter Kiewit Sons, Inc." is replaced in the Second Amended Complaint by "Kiewit Pacific Corp."  The Second Amended Complaint was filed together with other documents; the filing was captioned: "Plaintiff's Second Revised Motion to Amend Employment Discrimination Complaint; Plaintiff's Motion to Amend the Employment Discrimination Complaint; Plaintiff's Revised Motion to Amend Employment Discrimination Complaint; filed October 20, 2005; Plaintiff's Motion to Amend Discrimination Complaint, filed September 27,

filed a Joinder in the Motion to Dismiss.  The Court held a hearing on the Motion to Dismiss on January 18, 2006.

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), in deciding a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Wileman Bros. & Elliott, Inc. v. Giannini, 909 F.2d 332, 334 (9th Cir. 1990); Shah v. County of Los Angeles, 797 F.2d 743, 745 (9th Cir. 1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory.  Balistreri, 909 F.2d at 699, Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).

---

2005."  The Court will treat the "Employment Discrimination Complaint" contained in the December 27, 2005 filing as the "Second Amended Complaint."  To the extent that Plaintiff's December 27, 2005 filing included a motion to amend the First Amended Complaint, that motion is hereby granted to permit the filing of the Second Amended Complaint.

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." <u>De La Cruz v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. <u>Id.</u>

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as lack of jurisdiction or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker, <u>Moore's Federal Practice</u>, ¶12.07 at 12-68 to 12-69 (2d ed. 1991 & supp. 1191-92) (citing <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976) (emphasis added)).

A court's subject matter jurisdiction may be challenged under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." <u>See</u> <u>Thompson v. McCombe</u>, 99 F.3d 352, 353 (9th Cir. 1996).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning

4

the existence of jurisdiction." <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988).  "Once the moving party [converts] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." <u>Savage v. Glendale Union High Sch.</u>, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists." <u>Trentacosta v. Frontier Pac. Aircraft Indus., Inc.</u>, 813 F.2d 1553, 1559 (9th Cir. 1987).  Thus, the moving party "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Casumpang v. Int'l Longshoremen's & Warehousemen's Union</u>, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

## <u>DISCUSSION</u>

Defendant seeks dismissal on two grounds: (1) the entire complaint should be dismissed because the defendant named in the original Complaint, PKS, did not employ Plaintiff; (2) the

claims for "race or color" discrimination should be dismissed for failure to exhaust administrative remedies.[3]

## I.    The Named Defendant

Defendant argues that the complaint should be dismissed because "Plaintiff was employed by Kiewit Pacific, not PKS." See Motion to Dismiss at 4.  Although the original Complaint names PKS as the defendant, the Second Amended Complaint, filed after the Motion to Dismiss, names Kiewit Pacific Co. as the defendant in lieu of PKS.  See Second Amended Complaint at 1-2.[4]   At the hearing, Defendant argued that the Second Amended Complaint nonetheless should be dismissed because it contains two references to PKS.  Plaintiff responded that if the Second Amended Complaint references PKS where it should reference Kiewit Pacific Co., such references were made in error.

The Court finds that the Second Amended Complaint names Kiewit Pacific Co. as the defendant in this case, notwithstanding the fact that there are two references to PKS in the Second Amended Complaint that Plaintiff may have overlooked. Accordingly, the Court denies as moot Defendant's Motion to

---

[3] Kiewit Pacific Co. joined in the Motion to Dismiss, which was filed by PKS prior to Plaintiff's filing of the Second Amended Complaint.

[4] As discussed in footnote 1, the Second Amended Complaint names "Kiewit Pacific Corp." rather than "Kiewit Pacific Co." This order will use what appears to be the legal name of that defendant, "Kiewit Pacific Co."

6

Dismiss for failure to name the correct defendant.

## II.  Failure to Exhaust Administrative Remedies

The Second Amended Complaint alleges that Defendant discriminated against Plaintiff with respect to Plaintiff's "race or color" and age.  See Second Amended Complaint at 2.  Defendant argues that Plaintiff's claims for "race or color" discrimination should be dismissed for failure to exhaust administrative remedies because those claims were not included in the Charge of Discrimination that Plaintiff filed with the Hawaii Civil Rights Commission ("HCRC") and EEOC (the "EEOC charge").  See Motion to Dismiss at 4.[5/]

The EEOC charge alleges discrimination based on age and disability.  See Motion to Dismiss, Ex. A.  The "race" and "color" boxes were not checked on that form, while the "age" and "disability" boxes were checked.  Id.  The narrative included on the form states "I believe that I have been discriminated against because of my age, 67, and regarded as having a disability."  Id.  Plaintiff makes no mention of race or color discrimination in the form.  Id.

---

[5/] The Court notes that the EEOC charge appears to have been made against PKS, not Kiewit Pacific Co.  See Motion to Dismiss, Ex. A.  According to Defendant, Kiewit Pacific Co. responded to the EEOC charge and notified the EEOC and HCRC that it was Plaintiff's employer.  See Motion to Dismiss at 2, n.1.  Thus, it appears that the EEOC and HCRC investigations encompassed the correct employer.

Plaintiff agrees that his EEOC charge was for age and disability discrimination rather than race or color discrimination ("Plaintiff did in fact file an age and disability charge against the Defendant"), but argues that he is nonetheless entitled to assert a racial discrimination charge before this Court pursuant to Federal Rule of Civil Procedure 8.  See Opposition at 4.  Federal Rule of Civil Procedure 8 contains the general rules of pleading, but itself does not confer subject matter jurisdiction to this Court.  See Fed. R. Civ. P. 8 (requiring a pleading which sets forth a claim for relief to contain a short and plain statement of the grounds upon which the court's jurisdiction depends).

To establish a federal district court's subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC or the appropriate state agency.  See 42 U.S.C. § 2000e(f); Freeman v. Oakland Unified School District, 291 F.3d 632, 636 (9th Cir. 2002).  This administrative charge requirement serves the purposes of "giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." Freeman, 291 F.3d at 636.

A federal district court has subject matter jurisdiction over claims of discrimination that were not included in a plaintiff's EEOC charge only where those new claims are

"like or reasonably related to" the allegations contained in the EEOC charge or where they are "within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of" the EEOC charge. <u>Freeman</u>, 291 F.3d at 636 (emphasis omitted); <u>see also</u> <u>Green v. Los Angeles County Superintendent of Schools</u>, 883 F.2d 1472, 1475-1476 (9th Cir. 1989); <u>Leong v. Potter</u>, 347 F.3d 1117, 1122 (9th Cir. 2003). The EEOC charge should be construed with the utmost liberality. See <u>Freeman</u>, 291 F.3d at 636; <u>Green</u>, 883 F.2d at 1476.  In determining whether the exhaustion requirement has been satisfied, the court may consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, and any locations at which discrimination is alleged to have occurred.  See <u>Freeman</u>, 291 F.3d at 636.

"The crucial element of a charge of discrimination is the factual statement contained therein." <u>Freeman</u>, 291 F.3d at 636 (quoting <u>B.K.B. v. Maui Police Dept.</u>, 276 F.3d 1091, 1100 (9th Cir. 2002)).  Plaintiff's factual statement in the EEOC charge in the instant case contains no hint of facts or allegations related to race; rather, the factual statement specifically states that the discrimination was due to age and disability.  <u>See</u> Motion to Dismiss, Ex. A (EEOC charge states "I believe that I have been discriminated against because of my age,

9

67, and regarded as having a disability."); see also id. (EEOC charge alleges that on first day of work, Plaintiff "began to feel dizzy" and was later informed that he "was discharged because [he] was unable to do the job").  The EEOC charge does not mention Plaintiff's (or anyone else's) race or color.  Id.

The Court finds that claims for race and color discrimination are not like or reasonably related to the allegations for age and disability discrimination contained in the EEOC charge; nor are they within the scope of an EEOC or HCRC investigation that could reasonably have been expected to grow out of the charge.  See Leong, 347 F.3d 1117, 1122 (9th Cir. 2003) (allegations of discrimination on the basis of disability were not reasonably related to, and an investigation about such allegations could not have been reasonably expected to grow out of, an EEOC charge that plaintiff was discriminated against on the basis of race, color, religion, sex, national origin, and/or age); Lowe v. City of Monrovia, 775 F.2d 998, 1004 (9th Cir. 1985), amended 784 F.2d 1407 (sex discrimination claim was not administratively exhausted where EEOC charge alleged racial discrimination but not sex discrimination); see also Caldwell v. Servicemaster Corp., 966 F. Supp. 33, 48-49 (D. D.C. 1997) (sex discrimination claim was not administratively exhausted where EEOC charge alleged race discrimination but not sex discrimination).  Nothing in the EEOC charge would have indicated

10

to investigators that the investigation should address race,
color, or any type of discrimination other than age and
disability discrimination.  See Freeman, 291 F.3d at 637 (where
allegations in EEOC charge refer to discrimination in relation to
a specific election, allegations of discrimination in other
contexts, such as class size or teaching assignments, "would not
have been necessary to, or addressed in, the scope of" the EEOC
investigation).  Moreover, Plaintiff has provided no evidence
that the scope of the actual EEOC or HCRC investigation included
race or color discrimination.  See Freeman, 291 F.3d at 636
(holding that a district court has subject matter jurisdiction
over allegations of discrimination that fell within the scope of
the actual EEOC investigation).[6/]

---

[6/] At the hearing, Plaintiff stated that an EEOC officer
suggested that he file an EEOC charge for age and disability
discrimination and that a race and color charge could be added
later.  The Court notes that if a plaintiff makes allegations of
race and color discrimination in a pre-complaint questionnaire
provided to an EEOC representative, and that EEOC representative
is negligent in completing the EEOC charge form so that the EEOC
charge itself is deficient in recording the plaintiff's theory of
the case, that plaintiff may have properly exhausted his
administrative remedies as to race and color discrimination.  See
B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1101-1103 (9th Cir.
2002) (where the pre-complaint questionnaire alleged sexual
harassment, the EEOC charge contained a checked box indicating a
charge of sexual harassment, and an EEOC official submitted an
affidavit indicating that the agency intended its right to sue
letter to permit plaintiff to pursue claim of sexual harassment,
plaintiff exhausted administrative remedies for claim of sexual
harassment even though the factual description contained in the
EEOC charge did not contain facts related to sexual harassment);
see also id., 276 F.3d at 1102-1103 (complainant is not charged
with the EEOC's failure to perform its statutory duties;

For these reasons, the Court finds that Plaintiff has failed to exhaust his administrative remedies for the claims of race and color discrimination, and this Court lacks subject matter jurisdiction over those claims.  See Lowe, 775 F.2d at 1043 ("When a plaintiff fails to raise a Title VII claim before the EEOC, the district court lacks subject matter jurisdiction to hear it."); see also Freeman, 291 F.3d at 636 (to establish subject matter jurisdiction over a Title VII claim, plaintiff must exhaust administrative remedies).  Accordingly, Defendant's Motion to Dismiss is granted as to the claims for race and color discrimination contained in the Second Amended Complaint.

## CONCLUSION

The Court denies as moot the motion to dismiss for failure to name the correct defendant.  The Court grants the motion to dismiss the claims of race and color discrimination for failure to exhaust administrative remedies.

---

plaintiff should not suffer if a clerical error was made by EEOC personnel in typing the factual allegations into the EEOC charge form on plaintiff's behalf).  In the instant case, Plaintiff has presented no evidence (such as a copy of the pre-complaint questionnaire or an affidavit) that he presented factual allegations of race and/or color discrimination to EEOC personnel.  If Plaintiff's pre-complaint questionnaire contained allegations of race or color discrimination, Plaintiff may submit that evidence to this Court in a motion for reconsideration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 19, 2006.



_____
Alan C. Kay
Senior United States District Judge


Howard v. Kiewit Pacific Corp., Civ. No. 05-00525 ACK/KSC, Order Granting in
Part Defendant's Motion to Dismiss.