IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GUY WILLIAM HOWARD, | ) | CIVIL NO. 05-00525 ACK/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIEWIT PACIFIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

**BACKGROUND**

Guy William Howard ("Plaintiff"), proceeding pro se, filed a complaint against Kiewit Pacific Corp. ("Defendant") alleging employment discrimination on the basis of race, color, and age, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.  See Employment Discrimination Complaint at 1-2 (Dec. 27, 2005) ("Second Amended Complaint").  On January 19, 2006, this Court dismissed Plaintiff's claims for race and color discrimination for failure to exhaust administrative remedies.  See Order Granting in Part Defendant's Motion to Dismiss at 12 (Jan. 19, 2006).  Thus, the only remaining claim is Plaintiff's claim for age discrimination.

On June 15, 2006, Defendant filed a Motion for Summary Judgment, Memorandum in Support of Motion for Summary Judgment, and Concise Statement of Facts ("Defendant's Concise Statement") in support of its motion.  On June 20, 2006, Plaintiff filed a Motion to Dismiss Defendant's Motion for Summary Judgment, which the Court construes to be an opposition to Defendant's Motion for Summary Judgment.  On August 25, 2006, Defendant filed a Reply in support of its Motion for Summary Judgment.

On July 14, 2006, Plaintiff filed a Cross Motion for Summary Judgment.[1]  On August 17, 2006, Defendant filed an Opposition to Plaintiff's Cross Motion for Summary Judgment and a Concise Statement of Facts in Support of its opposition.[2]

At a hearing on September 5, 2006, the Court granted Plaintiff additional time to file a request for continuance of the hearing on Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f).  See Order Setting Deadline for Rule 56(f) Request (Sept. 5, 2006).  After considering written briefing by the parties, the Court denied

---

[1] Plaintiff's Cross Motion for Summary Judgment was filed thirty days after the dispositive motions deadline.  See Rule 16 Scheduling Order (Nov. 18, 2005).  Additionally, Plaintiff failed to file a concise statement in support of the motion, which is required by L.R. 56.1.  The Court need not determine whether Plaintiff's Cross Motion for Summary Judgment should be denied on these bases alone because, as discussed infra, the Court finds that the motion fails on its merits.

[2] Also on August 17, 2006, Defendant separately filed Exhibit 3 to its concise statement in support of its opposition.

Plaintiff's request for a continuance.  See Order Denying Plaintiff's Rule 56(f) Request for Continuance and Granting Plaintiff's Motion to Withdraw Plaintiff's Dispositive Motion (Sept. 22, 2006).

On October 2, 2006, the Court held a hearing on Defendant's Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment.

## STANDARD

### I.   Summary Judgment Standard

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Summary judgment is therefore appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[3]  Fed. R. Civ. P. 56(c).

"A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case.  A

---

[3] Affidavits made on personal knowledge and setting forth facts as would be admissible at trial are evidence that a court may consider when determining whether a material issue of fact exists.  Fed. R. Civ. P. 56(e).  Legal memoranda and oral argument are not evidence and do not create issues of fact.  See British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).

genuine issue of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[4/]  Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 310 F.3d 1188, 1194 (9th Cir. 2002) (quoting Union Sch. Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir. 1994)) (internal citations omitted).  Conversely, where the evidence "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

The moving party has the burden of persuading the Court as to the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The moving party may do so with affirmative evidence or by "'showing'--that is pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  All evidence and reasonable inferences drawn therefrom are considered in the light most favorable to the nonmoving party.  See, e.g., T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).  So, too, the Court's role is not to make credibility assessments.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Accordingly, if "reasonable minds could differ as to the

---

[4/] Disputes as to immaterial issues of fact do "not preclude summary judgment."  Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1478 (9th Cir. 1986).

import of the evidence," summary judgment will be denied.  Id. at 250-51.

Once the moving party satisfies its burden, however, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  See Celotex, 477 U.S. 322-23; Matsushita Elec., 475 U.S. at 586; Cal. Arch. Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).  Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); see also T.W. Elec. Serv., 809 F.2d at 630.  The nonmoving party must instead set forth "significant probative evidence" in support.  T.W. Elec. Serv., 809 F.2d at 630. Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial.[5/]  See Celotex, 477 U.S. at 322.

---

[5/] When the moving party also has the burden of proof in an element of a claim, it has the "burden of establishing a prima facie case on the motion for summary judgment." UA Local 343 of the United Ass'n of Journeymen v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1995).  Upon showing a prima facie case, the burden of production shifts and it becomes "incumbent on [the nonmoving party] to 'set forth specific facts showing that there is a genuine issue for trial,' by evidence cognizable under that rule."  Id. (quoting Fed. R. Civ. P. 56(e)); Charles Alan Wright et al., Federal Practice & Procedure § 2727 (3d ed. 1998).  The
(continued...)

**II.   Special Considerations for a Pro Se Litigant**

A pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se litigant.  Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Pembrook v. Wilson, 370 F.2d 37, 39-40 (9th Cir. 1966).  However, "a pro se litigant is not excused from knowing the most basic pleading requirements."  American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).

## DISCUSSION

**I.   Title VII**

The Second Amended Complaint alleges age discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.  See Second Amended Complaint at 2.  However, Title VII prohibits discrimination on the basis of "race, color, religion, sex, or

---

(...continued)
ultimate burden of persuasion as to the non-existence of any genuine issues of material fact remains on the moving party. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000); accord Dye v. United States, 121 F.3d 1399, 1409 (10th Cir. 1997).

national origin" only - not on the basis of age.  <u>See</u> 42 U.S.C. § 2000e-2(a).  The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, <u>et seq.</u>, prohibits age discrimination in employment.  Thus, Plaintiff's age discrimination claim should have been brought pursuant to the ADEA instead of Title VII.

Given Plaintiff's pro se status, the Court will overlook this minor deficiency in the complaint and treat Plaintiff's claim as having been brought pursuant to the ADEA.  The Court finds that Defendant will not be prejudiced by such action because Defendant has construed Plaintiff's claim as one brought pursuant to the ADEA and has addressed it on those merits.  The Court finds that it is not necessary for Plaintiff to go through the formal step of amending the complaint because, as discussed below, Defendant is entitled to summary judgment on the ADEA claim.

**II.  ADEA**

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual [who is at least 40 years old] or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1); <u>see also</u> 29 U.S.C. § 631(a); <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1280 (9th Cir. 2000).

The McDonnell Douglas burden shifting framework applies to ADEA claims. See Coleman, 232 F.3d at 1280-81; Pottenger v. Potlatch Corp., 329 F.3d 740, 745 (9th Cir. 2003); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Thus, if a plaintiff establishes a prima facie case of age discrimination, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. See Coleman, 232 F.3d at 1280-81.  Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory. Id. Despite the burden shifting, the ultimate burden of proof remains always on the former employee to show that the employer discriminated against him on the basis of age. Id.

A plaintiff may allege age discrimination claims under two theories: disparate treatment or disparate impact. See Enlow v. Salem-Keizer Yellow Cab Co., Inc., 389 F.3d 802, 811 (9th cir. 2004); Pottenger v. Potlatch Corp., 329 F.3d 740, 745, 749 (9th Cir. 2003); Coleman, 232 F.3d at 1291.  The Court will examine each theory separately.

**A.   Disparate Treatment**

To establish a prima facie case of age discrimination on the basis of disparate treatment under the ADEA, Plaintiff must demonstrate that he: (1) was a member of the protected class

8

(in other words, he was at least 40 years old); (2) was performing his job satisfactorily, (3) was discharged, and (4) was replaced by a substantially younger employee with equal or inferior qualifications.  See Coleman, 232 F.3d at 1281.  The Court finds that Plaintiff has failed to establish a prima facie case of disparate treatment.

First, Plaintiff has failed to submit a concise statement of material facts in opposition to Defendant's Motion for Summary Judgment, as is required by L.R. 56.1(b).[6] Therefore, the material facts set forth in Defendant's Concise Statement are deemed admitted for purposes of Defendant's Motion for Summary Judgment.  See L.R. 56.1(g).

Second, Plaintiff has submitted no evidence whatsoever in support of his claim - Plaintiff has submitted no affidavits, no declarations, and no other evidence.  Plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment, which this Court construes to be Plaintiff's opposition to the Motion for Summary Judgment, does not address the merits of Defendant's argument or attempt to rebut the evidence submitted by Defendant.[7]

---

[6] Plaintiff has not submitted a concise statement in opposition to Defendant's motion or in support of Plaintiff's own Cross Motion for Summary Judgment.  Both are required.  See L.R. 56.1.

[7] Plaintiff did not file any document called an "opposition" to Defendant's Motion for Summary Judgment.  However, Plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment
(continued...)

9

Similarly, Plaintiff's Cross Motion for Summary Judgment does not provide any support for Plaintiff's claims; rather, it baldly asserts that "there is no dispute as to Plaintiff's prima facie case of age determination [sic]" and that Plaintiff "has met the primary requirement for his complaint."  See Plaintiff's Cross Motion for Summary Judgment at 1.

Third, for these reasons, Plaintiff has failed to establish at least two of the four elements of his prima facie case.[8]  The uncontroverted evidence demonstrates that Plaintiff was not performing his job satisfactorily because he failed to meet expectations for the two days he was on the project.  See

---

[7](...continued)
discusses the standard for granting summary judgment and requests that the Court allow the action to proceed to trial.  Given Plaintiff's pro se status, the Court interprets Plaintiff's request that the Court "dismiss" Defendant's Motion for Summary Judgment to be a request that the Court deny Defendant's Motion for Summary Judgment.  Accordingly, the Court construes Plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment to be an opposition to Defendant's Motion for Summary Judgment.

[8]Defendant appears to concede that Plaintiff has demonstrated that he was over 40 years old at the time of his alleged discharge.  Thus, the Court will assume that Plaintiff has established the first element of his prima facie case.  The Court need not decide whether Plaintiff has established the third element - that he was discharged - because the Court has found that Plaintiff has not established the two remaining elements.  Nonetheless, the Court notes that Defendant has put forth substantial evidence that Plaintiff voluntarily quit the job, see, e.g., Defendant's Concise Statement at ¶¶ 21, 23-26, 28, but has also put forth some limited evidence that Plaintiff may have been discharged, see, e.g., Defendant's Concise Statement at ¶¶ 27, 29.

10

Defendant's Concise Statement at ¶ 34; Midyett Declaration at ¶¶ 32-33.  Similarly, Plaintiff was not replaced by a substantially younger employee with equal or inferior qualifications - Plaintiff was not replaced at all.  See Defendant's Concise Statement at ¶ 35; Midyett Declaration at ¶¶ 43-47; Kusao Declaration at ¶ 28.

Accordingly, the Court finds that Plaintiff has failed to establish a prima facie case of age discrimination on the basis of disparate treatment under the ADEA.  The Court grants summary judgment to Defendant on this claim.

**B.  Disparate Impact**

It is unclear from the Second Amended Complaint whether Plaintiff alleging a claim for age discrimination in employment under the ADEA on the basis of disparate impact.  To the extent that Plaintiff is alleging such a claim, Defendant is entitled to summary judgment on that claim as well.

A disparate impact claim challenges employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Pottenger, 329 F.3d at 749 (quoting Int'l Bd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977)).  To establish a prima facie case of age discrimination on the basis of disparate impact under the ADEA, Plaintiff must demonstrate: (1) the

11

occurrence of certain outwardly neutral employment practices and (2) a significantly adverse or disproportionate impact on persons of a particular age produced by the employer's facially neutral acts or practices.  Pottenger, 329 F.3d at 749 (quoting Katz v. Regents of the Univ. of Cal., 229 F.3d 831, 835 (9th Cir. 2000)).

"A disparate impact claim must challenge a specific business practice."  Pottenger, 329 F.3d at 749.  Plaintiff has not pointed to any specific business practice of Defendant's that he is challenging.  Thus, Plaintiff has not demonstrated the first element of a prima facie case.

As discussed above, Plaintiff has put forth no evidence whatsoever to support his claims.  Since he has put forth no evidence, he has not demonstrated that a practice of Defendant's has had any adverse or disproportionate impact on persons of a particular age.  Thus, Plaintiff has not demonstrated the second element of a prima facie case.

Accordingly, the Court finds that Plaintiff has failed to establish a prima facie case of age discrimination on the basis of disparate impact under the ADEA.  The Court grants summary judgment to Defendant on this claim.

## CONCLUSION

The Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Cross Motion for Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 3, 2006.



_____
Alan C. Kay
Sr. United States District Judge